UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MARCUS PENZA,                                                Case No. 6:25-cv-00308-AA

        Plaintiff,                                        **OPINION AND ORDER**

    v.

LINCOLN COUNTY JAIL; SARGENT
MARIE GAINER; DOCTOR DAVID
LONG,

        Defendants.

_____

AIKEN, District Judge.

Plaintiff, a self-represented adult in custody (AIC), filed this civil rights action under 42 U.S.C. § 1983 and alleged that Defendants provided inadequate medical care in violation of his rights under the Fourteenth Amendment during Plaintiff's detention at the Lincoln County Jail. Defendants now move for summary judgment on grounds that Plaintiff failed to exhaust

1 -    **OPINION AND ORDER**

available administrative remedies before filing suit. The record reflects that Plaintiff did not exhaust the grievance process at the Lincoln County Jail before filing this action, and Defendants' motion is GRANTED.

## DISCUSSION

At all relevant times, Plaintiff was a pretrial detainee at the Lincoln County Jail. Plaintiff alleges that Sergeant Gainer and Dr. Long violated his constitutional rights by withholding his medication and medical devices for several months. Am. Compl. at 3-4 (ECF No. 10). Although Plaintiff invokes the Eighth Amendment, his claims are properly construed as alleged violations of his due process rights under the Fourteenth Amendment. *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (explaining that, under the Fourteenth Amendment's Due Process Clause, pretrial detainees have a right against jail conditions that "amount to punishment"). Defendants now move for summary judgment on grounds that Plaintiff failed to exhaust the Lincoln County Jail grievance process.

To prevail on their motion, Defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). Defendants must present evidence of record, together with affidavits, if any, that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If Defendants meet this burden, the burden shifts to Plaintiff to demonstrate the existence of a genuine issue of fact for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

2 -    **OPINION AND ORDER**

The Court must construe the evidence and all reasonable inferences in favor of Plaintiff, the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986). The Court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec.*, 475 U.S. at 587 (citation and quotation marks omitted).

Under the Prison Litigation Reform Act (PLRA), AICs must exhaust all available administrative remedies before filing a federal action to redress prison conditions or incidents. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The exhaustion requirement is mandatory and requires AICs to comply with the procedural and substantive elements of the relevant administrative process before filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85, 91 (2006) (stating that the PLRA exhaustion requirement requires "proper" exhaustion and compliance with "with an agency's deadlines and other critical procedural rules"); *Jackson v. Fong*, 870 F.3d 928, 933 (9th Cir. 2017).

If the defendant shows that the plaintiff did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172; *see also Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010*)* (explaining that the PLRA does not require exhaustion when

3 -    **OPINION AND ORDER**

administrative remedies are "effectively unavailable"); *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005) (stating that an administrative remedy must be available "as a practical matter").

The Lincoln County Jail employs a five-step administrative grievance process that is outlined in the Lincoln County Jail In Custody Handbook. McDowall Decl. ¶ 3 & Ex. 101 at 8-9 (ECF No. 23). At Step 1, AICs must file a grievance with the medical department or with the specific staff person whose actions or conduct is being grieved. *Id.* Ex. 101 at 9. If the grievance is not resolved at Step 1, AICs may seek review from the shift Corporal at Step 2, from the shift Sergeant at Step 3, from the Jail Commander at Step 4, and finally, from the Sheriff at Step 5. *Id.* "The Sheriff's decision is final." *Id.*

Plaintiff did not complete Lincoln County Jail's grievance process regarding Sergeant Gainer and Dr. Long's alleged withholding of his medication and medical devices. McDowall Decl. ¶ 15-16. The record reflects that on November 23, 2024, Plaintiff submitted a grievance stating, "i have been waiting for medication since the 17th. i am disabled." *Id.* Ex. 102 at 1. Sergeant Gainer responded, "I have reviewed your records. Providence does not have any records of medication prescribed to you. The medical staff will try getting your records directly from your provider. New ROIs [releases of information] will need to be sent to you." *Id.* Plaintiff did not seek further review of this grievance.

Further, on December 23, 2024, Plaintiff filed a grievance complaining that he had been "trying to get assistance retrieving my neuro stimulator, charger, and leg strap for my stimulator along with my dental night guard for over 35 days." *Id.* Ex. 102 at 4. Plaintiff explained, "My family and myself are unable to retrieve them do to a no contact order. I need a peace officer or someone to go to my home…, and retrieve the items from my wife." *Id.* Sergeant Gainer responded that "we cannot contact your wife as she is the named victim in your case." *Id.*

**4 -    OPINION AND ORDER**

Sergeant Gainer suggested that Plaintiff "send a medical request with the name and address of the providers who prescribed the devices, and we can attempt to get a replacement for you." *Id.* Plaintiff indicated that he could not afford to replace his medical devices and repeated his request for assistance. *Id.* Sergeant Gainer responded again and advised Plaintiff that she had "asked the medical staff to try and obtain the equipment," and that "it would not be appropriate for jail staff to contact others on your behalf. Perhaps your attorney can assist? Possibly inquire with victim's assistance at the DA's office to contact on your behalf." *Id.* Plaintiff sought no further review of this grievance.

Plaintiff filed several other grievances regarding his medical care and prescribed medication, but none accused Dr. Long or Sergeant Gainer of withholding his medications or medical devices and none were reviewed at Step 5. *See* McDowell Decl. Exs. 102-105. Thus, Plaintiff did not complete the administrative grievance process regarding the claims alleged in this action.

Defendants emphasize that Plaintiff was aware of the grievance process and its steps, as reflected by the numerous grievances Plaintiff filed while detained at the Lincoln County Jail. *Id.* ¶¶ 12-18 & Exs. 102-105. Defendants also note that they requested from Plaintiff the production of any grievances related to the claims in this action, and Plaintiff responded that Defendants possessed all of Plaintiff's grievances. Matthews Decl. ¶¶ 2-3 & Ex. 107 (ECF No. 24).

On this record, Defendants have met their burden of showing that Plaintiff failed to exhaust available administrative remedies prior to filing suit. To defeat summary judgment, Plaintiff must present evidence showing that the Lincoln County Jail's grievance process was effectively unavailable to him and prevented him from completing all steps of the process.

5 -    **OPINION AND ORDER**

Plaintiff did not respond to Defendants' motion, and nothing in the record suggests that Plaintiff could not access or utilize the Lincoln County Jail grievance process. Thus, Plaintiff fails to meet his burden of showing that the administrative grievance process was effectively unavailable to him, and summary judgment is appropriate.

CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 22) is GRANTED and this action is DISMISSED. Any appeal of this Order or Judgment dismissing this action would be frivolous or not taken in good faith, and Plaintiff's IFP status is HEREBY REVOKED.

IT IS SO ORDERED.

DATED this  13th  day of March, 2026.


                    /s/Ann Aiken
                   ANN AIKEN
              United States District Judge

**6 -    OPINION AND ORDER**